ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br><br>Apelado<br><br>v.<br><br>**DAMARIS RODRÍGUEZ RABELO y FUNMAR CORP.**<br><br>Apelantes | KLAN202500235 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2022CV05136**<br><br>Sobre: Cobro de Dinero Ejecución de Prendas e Hipoteca |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Como explicaremos en detalle a continuación, concluimos que procede la desestimación del recurso de apelación de epígrafe por no haberse notificado el mismo ante el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI) dentro del término de cumplimiento estricto de 72 horas, desde su presentación, a tenor con la Regla 14(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14(B).

**I.**

El caso de marras tiene su génesis el 13 de junio de 2022 cuando el Banco Popular de Puerto Rico (BPPR o parte apelada) radicó una *Demanda* en contra de la señora Damaris Rodríguez Rabelo y Funmar Corp. (en conjunto, parte apelante) en concepto de cobro de dinero y ejecución de prenda e hipoteca.[1] El 1 de diciembre

---

[1] Apéndice del recurso de apelación, Anejo 1, págs. 1-6.

de 2022, la parte apelante presentó una *Contestación a la Demanda.*[2]

Luego de múltiples trámites procesales, el TPI emitió una *Sentencia,* por la vía sumaria, en la que ordenó a la parte apelante a pagarle solidariamente al BPPR la suma líquida, vencida y exigible de $637,934.12 por concepto de principal, $25,056.63 de intereses acumulados desde el 13 de junio de 2022 hasta el 5 de enero del 2024, acumulándose a razón de $115.18 diarios hasta el pago total de la obligación, más los cargos por mora, adelantos y $75,500.00 en concepto de costas, gastos y honorarios de abogado, según pactados.[3]

Inconforme, la parte apelante presentó ante nos la *Apelación* de epígrafe el 20 de marzo de 2025.

El 9 de abril de 2025, el BPPR radicó una *Moción Solicitando Desestimación del Recurso de Apelación por Falta de Jurisdicción.* Arguyó que el recurso de apelación no se perfeccionó dado a que la parte apelante no le notificó al TPI copia de la portada de dicho recurso, dentro de las 72 horas de presentado el mismo, conforme a la Regla 14(B) de nuestro reglamento, *supra.* Señaló que ese término había expirado el martes, 25 de marzo, y que no fue hasta el domingo, 30 de marzo, que la parte apelante notificó la carátula de la *Apelación* ante el foro primario. También adujo que la parte apelante tampoco solicitó prórroga para cumplir con ello. De igual modo, el BPPR arguyó que la parte apelante no incluyó en el apéndice los documentos que dieron paso a la sentencia sumaria.

Después de una prórroga, la parte apelante se opuso a la solicitud de desestimación el 23 de abril de 2025. En lo pertinente, expuso que el foro primario conoció de la existencia del recurso ante

---

[2] *Íd.,* Anejo 2, págs. 7-11.

[3] *Íd.,* Anejo 10, pág. 92-94. Notificada y archivada en autos el 18 de febrero de 2025.

nos por medio de una carta informando la presentación del recurso de apelación emitida el 25 de marzo, según el Portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Además, sostuvo que la radicación tardía de la *Apelación* no fue intencional o con el propósito de dilatar los procedimientos, y que el representante legal de la parte apelante llevaba atravesando una situación delicada de salud desde julio del año pasado por lo que había acudido varias veces al hospital de emergencia, y había estado en citas médicas y sujeto a estudios y órdenes de reposo.

**II.**

**A.**

Es harto conocido que la jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144-145 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). Es por ello que los tribunales deben ser celosos guardianes de su jurisdicción, y los asuntos sobre esta deben atenderse con primacía. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Específicamente, para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 559 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, *supra*, págs. 144-145. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 178 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Asimismo, la falta de jurisdicción conlleva serias consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de

auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386; *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018). A causa de ello, los foros adjudicativos deben examinar no solo su propia jurisdicción sino también la del foro inferior. *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 387. **Igualmente, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo.** *Allied Management Group, Inc. v. Oriental Bank, supra*, págs. 386-387; *Pearless Oil v. Hermanos Pérez*, 186 DPR 239, 250 (2012).

En esa misma línea, para el perfeccionamiento adecuado de un recurso presentado ante el Tribunal de Apelaciones es necesario que los profesionales del Derecho les den cumplimiento riguroso a estos requisitos de presentación y perfeccionamiento. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549 (2017); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). En lo pertinente, la Regla 14(B) del Reglamento del Tribunal de Apelaciones, *supra*, establece que la parte apelante debe notificarle al TPI sobre la presentación del recurso radicado ante la Secretaría de este Tribunal, de la siguiente forma:

(B) **De presentarse el original del recurso de apelación <u>de modo físico</u> en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, <u>dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.</u>**

De presentarse el escrito de apelación en formato electrónico mediante el SUMAC, no será necesario que la parte apelante notifique la cubierta o primera página, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera

Instancia que haya dictado la sentencia apelada, debido a que el SUMAC realizará de modo automático la notificación al tribunal apelado.

(Énfasis suplido).

Cuando se trata de un término de cumplimiento estricto, el foro apelativo no goza de discreción para prorrogar los términos automáticamente. Solo ostenta dicha discreción cuando la parte que lo solicita demuestra justa causa por la tardanza. *Rojas v. Axtmayer Ent., Inc., supra*, pág. 564; *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657 (1997). De hecho, nuestro más alto foro determinó que es un deber acreditar la existencia de justa causa, incluso previo a que un Tribunal se lo requiera, cuando se trata de un término de cumplimiento estricto. En el caso del derecho procesal a nivel apelativo, este tipo de incumplimiento impide la revisión judicial porque ocasiona que no se perfeccionen los recursos apelativos. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 97 (2013).

El Tribunal Supremo de Puerto Rico ha reiterado que la justa causa se acredita por medio de:

> [E]xplicaciones "concretas y particulares, — debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". Sin embargo, no constituye justa causa las " 'vaguedades y las excusas o planteamientos estereotipados'. De lo contrario, la acreditación de la justa causa se convertiría en un juego de 'mero automatismo' con justificaciones genéricas carentes de los detalles que causaron la dilación. De permitirse esto, los términos reglamentarios redundarían en 'metas amorfas que cualquier parte podría postergar' ".
>
> *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 171-172 (2016) (*citando a Soto Pino v. Uno Radio Group, supra*, págs. 93-94).

Por lo tanto, en ausencia de justa causa debidamente demostrada, el Tribunal no posee discreción para prorrogar el término y, en su consecuencia, no puede acoger el recurso ante su

consideración. *Bco. Popular de P.R. v. Mun. de Aguadilla, supra,* pág. 657.

Asimismo, la Regla 83(C) de nuestro reglamento, *supra,* R. 83(C), permite la desestimación de un recurso de apelación por falta de jurisdicción.

**III.**

En el presente caso, no existe controversia sobre el hecho de que la parte apelante no notificó la portada del recurso de epígrafe ante el TPI dentro del término de cumplimiento estricto requerido por la Regla 14(B) del Reglamento del Tribunal de Apelaciones, *supra.* De igual modo, estamos vedados de concluir que las explicaciones provistas por la parte apelante constituyen justa causa por haber presentado tardíamente la portada de la *Apelación.*

En primer lugar, la parte apelante sostuvo que el foro primario conoció de la existencia de la *Apelación* mediante una carta del 25 de marzo que se desprende del Portal del SUMAC informando la presentación del recurso en cuestión. Sin embargo, como el recurso de apelación fue radicado físicamente ante este Tribunal, la parte apelante tenía que presentar en el TPI apelado la portada o primera página del recurso, debidamente sellada con la fecha y hora de presentación, dentro de las 72 horas siguientes a la presentación del escrito de apelación, conforme a la Regla 14(B) de nuestro reglamento, *supra.*

Segundo, la parte apelante planteó que dicho incumplimiento no fue intencional o con el propósito de dilatar los procedimientos, y que el representante legal de dicha parte llevaba atravesando una situación delicada de salud desde julio del año pasado. Nuestro más alto foro ha establecido que "el incumplimiento fue 'involuntario', que 'no se debió a falta de interés', que no hubo 'menosprecio al proceso', o de que ahora 'existe un firme propósito de enmienda', no constituyen justa causa". *Arriaga v. F.S.E.,* 145 DPR 122, 132

(1998). Además, en el presente caso tampoco se proveyó razón por la cual la notificación no se pudo realizar el viernes, 21 de marzo; el lunes, 24 de marzo; o el martes, 25 de marzo, dado a que el mero hecho de que el representante legal ha estado pasando por una situación de salud desde julio del año pasado no demuestra qué situación específica le impidió cumplir con el requisito de cumplimiento estricto.

Adviértase que es responsabilidad de los representantes legales cumplir fielmente con el trámite prescrito en los reglamentos aplicables para el perfeccionamiento del recurso, y el derecho procesal a nivel apelativo no puede quedar al arbitrio de estos para decidir qué disposiciones reglamentarias deben acatarse y cuándo. *Soto Pino v. Uno Radio Group, supra*, págs. 90-91.

**IV.**

Por las razones discutidas anteriormente, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones